# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) CLASS ACTION<br>) |
| TRINITY CAPITAL CORPORATION, GREGORY G. ANTONSEN, JAMES F. DEUTSCH, JAMES E. GOODWIN JR., JOHN S. GULAS, JEFFREY F. HOWELL, SAMUEL T. HUBBARD JR., ARUTHUR B. MONTOYA, JR., LESLIE NATHANSON JURIS, ANTHONY R. SCAVUZZO, CHARLES A. SLOCOMB, and ENTERPRISE FINANCIAL SERVICES CORP., | ) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on November 1, 2018 (the "Proposed Transaction"), pursuant to which Trinity Capital Corporation ("Trinity" or the "Company") will be acquired by Enterprise Financial Services, Inc. ("Enterprise").

2. On November 1, 2018, Trinity's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Enterprise. Pursuant to the terms of the Merger Agreement, shareholders of Trinity will receive $1.84 in cash and 0.1972 Enterprise common shares for each share of Trinity

they own.

3. On December 21, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement, which scheduled a stockholder vote on the Proposed Transaction for February 5, 2019, omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Trinity common stock.

9. Defendant Trinity is a New Mexico corporation and maintains its principal executive offices at 1200 Trinity Drive, Los Alamos, New Mexico 87544. Trinity's common stock is traded on OTC under the ticker symbol "TRIN." Trinity is a party to the Merger Agreement.

10. Defendant Gregory G. Antonsen is a director of the Company.

11. Defendant James F. Deutsch is director of the Company.

12. Defendant James E. Goodwin Jr. is a director of the Company.

13. Defendant John S. Gulas is a director of the Company.

14. Defendant Jeffrey F. Howell is a director of the Company.

15. Defendant Samuel T. Hubbard Jr. is a director of the Company.

16. Defendant Arthur B. Montoya, Jr. is a director of the Company.

17. Defendant Leslie Nathanson Juris is a director of the Company.

18. Defendant Anthony R. Scavuzzo is a director of the Company.

19. Defendant Charles A. Slocomb is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Enterprise is a Delaware corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Trinity (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of November 1, 2018, there were approximately 11,660,491 shares of Trinity common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

29. Trinity is the parent company of Los Alamos National Bank ("LANB").

30. LANB is one of the largest locally-owned banks in New Mexico with current assets of $1.3 billion.

31. LANB offers a full range of banking services to businesses and residents in Northern New Mexico and the Albuquerque metro area.

32. On November 1, 2018, Trinity's Board caused the Company to enter into the Merger Agreement with Enterprise.

33. Pursuant to the terms of the Merger Agreement, shareholders of Trinity will receive $1.84 in cash and 0.1972 Enterprise common shares.

34. According to the press release announcing the Proposed Transaction:

Enterprise Financial Services Corp (NASDAQ:EFSC) (the "Company," "EFSC," "Enterprise," "we," "us," or "our"), the holding company of Enterprise Bank & Trust ("EB&T") and Trinity Capital Corporation ("Trinity" or "TCC"), the holding company of Los Alamos National Bank ("LANB") announced today that they have entered into a definitive merger agreement in a transaction valued at approximately $213 million. On a pro forma consolidated basis, the combined company would have approximately $7 billion in assets.

TCC is headquartered in Los Alamos, New Mexico, with approximately $1.3 billion in assets, $714 million in loans, and $1.1 billion in deposits as of June 30, 2018. LANB operates six full service banking offices in Los Alamos, Santa Fe, and Albuquerque, New Mexico. Additionally, as of June 30, 2018, LANB ranked first and fourth in deposit market share in the Los Alamos and Santa Fe, New Mexico Metropolitan Statistical Areas with 84% and 14% of the markets, respectively. . . .

Under the terms of the definitive agreement, upon consummation of the transaction, TCC shareholders will receive 0.1972 shares of EFSC common stock and $1.84 in cash for each share of TCC common stock they hold. Based on EFSC's closing price of $43.45 per share on October 31, 2018, the merger consideration mix would result in a total of approximately $38 million in cash and $175 million in EFSC shares. The transaction is intended to qualify as a tax-free reorganization for U.S. federal income tax purposes and Trinity shareholders are not expected to recognize gain or loss to the extent of the stock consideration received. The Company expects the transaction to be immediately accretive to 2019 diluted earnings per share (excluding the impact of the one-time transaction expenses), with full year 2020 EPS accretion of approximately 8%. Anticipated tangible book value per share dilution is expected to be earned-back in approximately 3 years under both simple and crossover methods.

In connection with the transaction, two Trinity directors, Tony Scavuzzo of Castle Creek Capital and James F. Deutsch of Patriot Financial Partners, will be appointed to EFSC's Board of Directors. Additionally, James E. Goodwin, Jr., Chairman of the board of directors of TCC and LANB, will join the Board of Directors of EB&T, the Company's banking subsidiary.

The transaction, which has been unanimously approved by the board of directors of the Company, EB&T, TCC, and LANB, is expected to close in early 2019, subject to satisfaction of customary closing conditions, including regulatory approvals and approval of the TCC's shareholders. Certain TCC shareholders, as well as TCC's directors and executive officers, have entered into agreements with the Company pursuant to which they have committed to vote their shares of TCC common stock in favor of the merger.

### *The Registration Statement Omits Material Information, Rendering It False and Misleading*

35. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for February 5, 2019.

36. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

37. The Registration Statement omits material information regarding the Company's and Enterprise's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Keefe, Bruyette & Woods, A Stifel Company ("KBW").

38. The Registration Statement fails to disclose the "financial and operating forecasts and projections of Trinity that were prepared by, and provided to KBW and discussed with KBW by, Trinity management and that were used and relied upon by KBW at the direction of such management and with the consent of the Trinity board of directors."

39. The Registration Statement fails to disclose the "consensus 'street estimates' of Enterprise, as well as assumed Enterprise long-term growth rates that were provided to KBW by Enterprise management, all of which information was discussed with KBW by such management and used and relied upon by KBW based on such discussions, at the direction of Trinity management and with the consent of the Trinity board of directors."

40. With respect to KBW's Selected Companies Analyses, the Registration Statement fails to disclose the individual multiples and financial data for the companies observed by KBW in the analyses.

41. With respect to KBW's Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and financial data for the transactions observed by KBW in the analysis.

42. With respect to KBW's Relative Contribution Analysis, the Registration Statement fails to disclose: (i) the 2018, 2019, and 2020 EPS consensus "street estimates" for Enterprise; and (ii) the financial forecasts and projections relating to the net income of Trinity provided by Trinity management.

43. With respect to KBW's Forecasted Pro Forma Financial Impact Analysis, the Registration Statement fails to disclose: (i) the closing balance sheet estimates as of March 31, 2019 for Enterprise and Trinity; (ii) the consensus "street estimates" for Enterprise; (iii) the financial forecasts and projections relating to the net income of Trinity provided by Trinity management; and (iv) the pro forma assumptions, including the cost savings and related expenses expected to result from the Proposed Transaction and accounting adjustments assumed with respect thereto.

44. With respect to KBW's Enterprise Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the consensus "street estimates" of Enterprise and assumed long-term growth rates for Enterprise provided by Enterprise management; (ii) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 14.0%; (iii) the estimated excess cash flows that Enterprise could generate over the period from September 30, 2018 to December 31, 2022 as a standalone company; (iv) Enterprise's implied terminal value; and (v) KBW's basis for applying a range of 10.0x to 15.0x to Enterprise's estimated 2023 net income.

45. With respect to KBW's Trinity Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the financial forecasts and projections relating to the net income and assets of Trinity provided by Trinity management; (ii) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 14.0%; (iii) the estimated excess cash flows that Trinity could generate over the period from September 30, 2018 to December 31, 2022 as a standalone company; (iv) Trinity's implied terminal value; and (v) KBW's basis for applying a range of 10.0x to 15.0x to Trinity's estimated 2023 net income.

46. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47. The Registration Statement also fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

48. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

49. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Trinity's Reasons for the Merger; (iii) Recommendation of the Trinity Board of Directors; and (iv) Opinion of Trinity's Financial Advisor.

50. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Trinity

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Trinity is liable as the issuer of these statements.

53. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

54. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

55. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

56. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

57. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

58. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

### COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Enterprise**

59. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60. The Individual Defendants and Enterprise acted as controlling persons of Trinity within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Trinity and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

61. Each of the Individual Defendants and Enterprise was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

62. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

63. Encana also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

64. By virtue of the foregoing, the Individual Defendants and Enterprise violated Section 20(a) of the 1934 Act.

65. As set forth above, the Individual Defendants and Enterprise had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934

Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 22, 2019        **THE LAW OFFICES OF**
                               **NICHOLAS KOLUNCICH III, LLC**

                        By:    */s/ Nicholas Koluncich*
                               Nicholas Koluncich III
                               500 Marquette Avenue NW, Suite 1200
                               Albuquerque, New Mexico 87102
                               (505) 881-2228

                               *Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C..**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800